FILED & JUDGMENT ENTERED
Steven T. Salata

Dec 21 2015

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 15-30545 |
| Keri Marie Hagler f/k/a ) | Chapter 7 |
| Keri H. Brennan ) | |

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT EQUITABLE DISTRIBUTION

THIS MATTER came before the court on December 14, 2015 on i) the Motion of Peter J. Brennan ("Movant") for Relief from the Automatic Stay (the "Motion") [Docket 13], pursuant to Section 362(d) of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") and Bankruptcy Rules 4001, 9014 and 130 l (c), which seeks this court's authority to proceed with an equitable distribution proceeding that was pending in state court at this time this petition was filed; ii) the Debtor's Response to the Motion [Docket 14]; and iii) the Trustee's Response to the Motion [Docket 16]. The court, in granting Movant's Motion, finds the following:

1. On or about April 14, 2015, the Debtor filed a petition with the United States Bankruptcy Court for the Western District of North Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2. This Court has jurisdiction over the Motion pursuant to the provisions of 11 U.S.C. § 362 and Bankruptcy Rules 4001 and 9014. This Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. § 1334, the Referral Order entered herein by the Chief United States District Court Judge for the Western District of North Carolina and 11 U.S.C. § 362 Bankruptcy Rules 4001 and 9014 apply. This matter is a core proceeding as defined in 28 U.S.C. § 151 and 1 57(b), and to the extent any non-core issues are raised, the Movant consents to the jurisdiction of this Court for determination of all issues, including non-core issues.

3. A. Burton Shuford is the duly appointed Trustee (the "Trustee") in the Debtor's Chapter 7 proceeding.

4. The Movant is the ex-husband of the Debtor.

5. The Movant and Debtor have been granted a divorce which was filed in the Mecklenburg County District Court (the "State Court") File No. 12-CVD-9656, but the equitable distribution and alimony issues which were pending before the State Court when Debtor filed her Chapter 7 bankruptcy. The filing of the Debtor's bankruptcy petition stayed the equitable distribution proceedings pursuant to 11 USC Section 362(a)(1).

6. On June 2, 2015, this Court issued a Notice to Creditors of Possible Dividend. Therefore, the Trustee anticipates that there will be non-exempt assets available to liquidate for the benefit of creditors.

7. The Debtor has scheduled her alleged 60% interest in Diversified Select Services, Inc. ("DSS") as having an "unknown" value. Movant believes that the value of the Debtor's interest is significant. Attached hereto as Exhibit "A" to the Motion is a portion of a March 5, 2015 report showing that as of June 26, 2012, the value of DSS was $583,700.00.

8. To determine the appropriate court to liquidate a claim, bankruptcy courts should apply the balancing test followed in the Fourth Circuit and enunciated in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). The *Robbins* test considers the type of claim(s) being asserted, how to best serve judicial economy and the impact that relief from the stay would have on the debtor's estate. *Id.* In making this determination, the court must "balance potential prejudice to the bankruptcy debtor's estate against the
hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id. (citing In re Peterson*, 116 B.R. 247, 249 (D. Colo. 1990)). *See also In re Wasserman*, 2015 Bankr. LEXIS 928 (Bankr. EDNC 2015); *In re Secrest*, 453 B.R. 623 (Bankr. E.D.Va. 2011).

9. Movant is seeking relief in order to pursue equitable distribution of what appears to be marital property, an action which requires the application of state law. While this court could potentially oversee equitable distribution proceedings more quickly than the State Court, judicial economy would not be served if this court conducted those proceedings because those proceedings would have no impact on the Debtor's estate. The factors enumerated in Robbins clearly fall in favor of modifying the stay for cause under § 362(d)(1).

10 Often in cases in which the stay is lifted so that equitable distribution proceedings can either be initiated or resumed, this Court limits relief to allow a determination of each party's claim but reserves authority over enforcement of any liquidated claim resulting from the proceedings. This procedure was undertaken by the late Honorable Marvin R. Wooten and affirmed by the United States Fourth Circuit Court of Appeals in *Robbins*. The benefit to the parties is in allowing the State Court to hear the equitable distribution case, then allowing the Bankruptcy Court to administer the assets. "The expertise of the state court is in liquidating the domestic relations claim. The expertise of the bankruptcy court is in liquidating the property of the estate and distributing it to creditors." *Secrest v. Secrest (In re Secrest)*, 453 B.R. 623, 630-31 (Bankr. E.D. Va. 2011).

11. The entry of an order allowing the Movant to proceed as set forth above is needed to present to the Mecklenburg County District Court for it to proceed in the above matter for equitable distribution.

WHEREFORE, it is ORDERED as follows:

1.     The State Court may proceed with hearing the equitable distribution proceeding and the liquidation of the equitable distribution claims;

2.     The State Court may only divide property that the Debtor has claimed exempt, or that is not property of the bankruptcy estate, between Movant and the Debtor; provided, however, that the Trustee may object to the State Court's division of such property, solely on the grounds that the same has not been claimed exempt or is property of the estate, with appropriate pleadings filed in this Court within fourteen days after the service of the equitable distribution order upon him;

3.     If the State Court believes it should divide property which may be property of the Debtor's bankruptcy estate, it shall so state in its opinion, and to that extent the matter shall be referred back to this court for further proceedings.

This Order has been signed electronically. The Judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court